IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEON TASBY Jr.                    §
aka Tony Hendricks[1]             §
(TDCJ # 1760659                   §
                                  §
VS.                               §    CIVIL NO.4:12-CV-581-Y(BJ)
                                  §
                                  §
WARDEN WHEATLY, et al.            §

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER
(With special instructions to the clerk of Court)

In this case, inmate plaintiff Leon Tasby Jr. has filed another new civil case with a motion for leave to proceed *in forma pauperis* on appeal. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Leon Tasby Jr. is the plaintiff. Plaintiff Tasby is also know as Tony Hendricks.

C. LEGAL ANALYSIS

---

[1]Plaintiff Tasby has also gone by the name Tony Hendricks, and the records of this Court indicate that he has previously filed suit under that name. Thus, the clerk of Court is directed to list the name "Tony Hendricks" as an identifier on the docket of this case.

This civil action was initiated by the filing of a handwritten civil complaint. In response to a deficiency order, Texas Department of Criminal Justice ("TDCJ") inmate Leon Tasby Jr, has filed a form civil complaint accompanied by a motion to proceed in forma pauperis. Court records reveal, however, that, as a result of previously filing frivolous suits, Tasby is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury.[2] Tasby/Hendricks obtained the qualifying dismissals in this the United States District Court for the Northern District of Texas.[3] In this case, Tasby/Hendricks has again failed to set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g). Thus, the undersigned will recommend that Tasby not be allowed to proceed in forma pauperis in this action.

The undersigned also notes that since Tasby/Hendricks last had a case reviewed and dismissed on the merits, this is now the sixth suit he has filed in this district without heeding or acknowledging the fact that he is barred from filing suits in-forma-pauperis

---

[2] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

[3] *See Hendricks v. Maris,* No.04:10-CV-838-A (N.D.Tex. January 28, 2011); *Hendricks v. Ms. Maris, et al.,* No.4:10-CV-302-Y (N.D.Tex. October 6, 2010); *Hendricks v. Richards, et al.,* No.4:10-CV-011-Y (N.D.Tex. October 6, 2010); *Tasby v. Northwest Texas Healthcare System, et al.,* No.2:96-CV-474-J (N.D.Tex. December 23, 1996).

under 28 U.S.C. § 1915(g).[4] Thus, Tasby/Hendricks should be warned that if he continues to file lawsuits seeking to proceed in-forma-pauperis, without any allegation that he "is under imminent danger of serious physical injury," he could be subject to sanctions, including monetary sanctions or a bar to filing any suit without seeking advance permission from a court of this district.

RECOMMENDATION

It is therefore recommended that Loen Tasby a/k/a Tony Hendricks (TDCJ No. 1760659) should not be allowed to proceed in forma pauperis in this action and must pay the full filing fee to maintain this suit. It is further recommended that Tasby/Henricks be warned that if he files another civil action without paying the full filing fee (unless accompanied by a claim that he is under imminent danger of serious physical injury) he will be subject to the imposition of sanctions, including either a monetary sanction, a bar to filing without seeking permission, or both.

NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to

---

[4] *See Tasby v. Maris,* No.4:12-CV-293-A (June 8, 2012 Order Adopting Findings; June 20, 2012 Order and Judgment); *Tasby v. Maris, et al.* No.4:12-CV-260-A (April 27, 2012 Order Noting § 1915(g) bar, and directing payment of filing fee); *Tasby v. Cannan,* No.4:12-CV-116-A (April 9, 2012 Order and Judgment); *Hendricks v. Johnson, et al.,* No.4:11-CV-512-A (September 7, 2011, Order and Judgment); *Hendricks v. Maris,* No.4:11-CV-068-A (March 17, 2011 Order and Judgment).

any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October ___7___, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

<u>ORDER</u>

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until October ___7___, 2012 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED September 17, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE