IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEON TASBY, | § | |
| aka Tony Hendricks | § | |
| (TDCJ # 1760659) | § | |
| | § | |
| VS. | § | CIVIL NO.4:12-CV-581-Y |
| | § | |
| | § | |
| MARIA MARIS, et al. | § | |

ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION;
FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g);
AND ORDERING PLAINTIFF TO PAY A FULL FILING FEE

This civil action was initiated by the filing of a form civil complaint by Texas Department of Criminal Justice ("TDCJ") inmate Leon Tasby. Plaintiff Tasby is also know as Tony Hendricks. On September 17, 2012, the magistrate judge entered a findings conclusions and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1]  The report also recommended that Plaintiff be required to pay the full filing fee and that because Plaintiff has repeatedly filed suits even though he has been informed of the application of § 1915(g), he should be warned that if he files another civil action without paying the full filing fee (unless accompanied by a

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

claim that he is under imminent danger of serious physical injury) he will be subject to the imposition of sanctions.

The magistrate judge gave Tasley until October 7, 2012, to file written objections to the findings, conclusions, and recommendation (doc. 7). As of the date of this order, no written objections have been filed.

The Court has reviewed the pleadings and the record in this case and has reviewed for clear error the findings, conclusions, and recommendation. The Court concludes that, for the reasons stated by the magistrate judge, Plaintiff is not entitled to proceed in forma pauperis and must pay the filing fee. Any warning about the filing of future suits will be included if Plaintiff does not subsequently pay the filing fee

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Plaintiff Leon Tasby a/k/a Tony Hendricks (TDCJ No. 1760659) is not entitled to proceed in forma pauperis in this action. If Plaintiff wishes to proceed with this action, he must pay to the clerk of Court the full filing fee of $350.00 within ten (10) days of the date of this order.[2] Plaintiff is advised that failure to timely pay the full filing fee to the clerk of Court could result

---

[2]Although the Court would normally give an inmate plaintiff thirty days to pay a filing fee, as Plaintiff has been repeatedly notified of the bar to filing under § 1915(g) and has then failed to pay the fee within thirty days, the Court concludes that ten days to comply is sufficient.

2

in the dismissal of this action without further notice pursuant to

Federal Rule of Civil Procedure 41(b).[3]

 SIGNED October 24, 2012.

         _Terry R. Means_

         TERRY R. MEANS
         UNITED STATES DISTRICT JUDGE

---

[3]*See Hickerson v. Christian*, 283 Fed. Appx. 251 (June 24, 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also* Link v. Wabash R. Co., 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).